

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| UNILEVER CANADA, INC., UNILEVER SUPPLY CHAIN, INC., and KNORR-NAEHRMITTEL AKTIENGESELLSCHAFT<br><br>Plaintiffs,<br><br>v.<br><br>WELLS IMPORT, INC.,<br><br>Defendant. | No. 1:10-cv-2608<br><br>Honorable Harry D. Leinenweber<br>Judge Presiding |

## [PROPOSED] ORDER FOR DEFAULT JUDGMENT & PERMANENT INJUNCTION

IT IS HEREBY ORDERED that the Motion of Plaintiffs, Unilever Canada, Inc. ("UC"), Unilever Supply Chain, Inc. ("USC"), and Knorr-Naehrmittel Aktiengeseellschaft ("KNA") (collectively, "Plaintiffs") for default judgment against Wells Import, Inc. ("Wells") is granted, and a permanent injunction is entered, as further described below. The Court makes the following findings of fact and conclusions of law:

1. This suit was filed on April 27, 2010, and a First Amended Complaint was filed on May 21, 2010. The First Amended Complaint brings causes of action against Wells for:

   a. conversion,

   b. breach of contract,

   c. unjust enrichment,

   d. violation of the Ontario Sale of Goods Act,

   e. federal trademark infringement (15 U.S.C. § 1114(a)),

   f. federal trademark dilution (15 U.S.C. § 1125(c)),

    g. federal unfair competition (15 U.S.C. § 1125(a)),

    h. violations of the Illinois Trademark Registration and Protection Act (765 ILCS 1036/65), and

    i. violations of the Illinois Uniform Deceptive Trade Practices Act (815 ILCS 510/1 *et seq.*).

2. Plaintiff UC is a foreign corporation with its principal place of business in Toronto, Canada. Plaintiff USC is a Delaware corporation with its principal place of business located in Clinton, Connecticut. Plaintiff KNA is a Swiss company with its principal place of business located in Thayngen, Switzerland.

3. Wells is an Illinois corporation that maintains an office at 5410 W. Roosevelt Road, Chicago, Illinois, and conducts business in the State of Illinois as an importer and distributor of food products.

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), because this action includes claims under the Lanham Act, 15 U.S.C. § 1501 *et seq.*. This Court also has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) because UC, USC, and Wells are citizens of different states, and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. This Court has supplemental jurisdiction over Plaintiffs' pendent claims pursuant to 28 U.S.C. § 1367.

5. This Court has personal jurisdiction over Wells pursuant to Rule 4(k)(1) of the Federal Rules of Civil Procedure because Wells was served within this judicial district on June 7, 2010, and is subject to the jurisdiction of a court of general jurisdiction in Illinois, the state where this Court is located. Illinois courts have personal jurisdiction over Wells pursuant to 735 ILCS 5/2-209(b)(4), because Wells is a corporation organized under the laws of Illinois.

2

Additionally, Wells has submitted to jurisdiction in Illinois pursuant to 735 ILCS 5/2-209(1) by transacting business within Illinois and 735 ILCS 5/2-209(3) by maintaining an office at 5410 W. Roosevelt Road in Chicago, Illinois.

6. USC holds multiple federal trademark registrations for the LIPTON mark for use in connection with products in the United States, including: U.S. Reg. Nos. 505,985 (LIPTON); 826,202 (LIPTON); 2,832,416 (LIPTON & Design); 2,832,416 (LIPTON & Design); 2,116,903 (LIPTON & Design); 2,116,903 (LIPTON & Design) (these registrations collectively, the "**LIPTON Marks**").

7. KNA owns multiple federal trademark registrations and pending applications for the KNORR mark for use in connection with products in the United States, including without limitation: U.S. Reg. Nos. 1,766,039 (KNORR); 1,507,404 (KNORR, stylized); 685,624 (KNORR, stylized); 3,627,357 (KNORR & Design); 3,669,613 (KNORR & Design); 3,163,711 (LET'S MAKE KNORR); 2,941,509 (KNORR ULTIMATE); and U.S. Applications Ser. Nos. 77/568,582 (KNORR) and 77/489,106 (KNORR VIE), both of which were approved by the U.S. Trademark Office for registration in 2009 (these registrations and applications, collectively, the "**KNORR Marks**").

8. Plaintiffs added Wells as an authorized distributor for their Knorr® and Lipton® Asian ethnic food products on a trial basis beginning in February 2007; in February 2008, Plaintiffs added Wells to their authorized distributor network, under a valid and enforceable contract between Wells and UC (see Exhibit C to the First Amended Complaint). Wells' authorized status was short-lived because Wells failed to pay UC for more than $1 million of goods. Wells refused Plaintiffs' demand to return the goods, and Plaintiffs' revoked Wells'

3

authorized distributor status in October 2008. UC fully performed under the contract, but Wells has kept and resold the goods and has failed to pay the invoices for the goods totaling . .

9. Although Plaintiffs revoked Wells' distributorship, Wells continued to promote itself as an approved distributor of Lipton® and Knorr® products by using the LIPTON and KNORR Marks in advertising and marketing materials without Plaintiffs' consent. Moreover, Plaintiffs discovered that, beginning as early as November 2009 and continuing through 2010, Wells re-sold expired Knorr® products previously delivered by UC in 2008, including Knorr® bouillon cubes flavored with ham, vegetable, shrimp and fish, to retail stores in Chicago, Atlanta, Boston and New York, by removing the original expiration date (December 2009) from the packages and replacing it with a new, false one (June 2011).

10. A summons and copy of the First Amended Complaint were served on Wells on June 7, 2010. Wells' response to the FAC was due June 28, 2010, but Wells did not appear or respond in any way. Plaintiffs moved for a Preliminary Injunction on August 18, 2010, and served notice of the same on Wells and Wells' corporate counsel. On August 24, 2010, this Court ordered Wells to file a response by September 7, 2010, but Wells again failed to appear and did not respond. This Court entered an Order for Preliminary Injunction on September 28, 2010. Default was entered in the civil docket by order of this Court on October 14, 2010. No proceedings have been filed or served by Wells since default was entered.

11. The Court hereby incorporates by reference the factual findings and conclusions of law set forth in its Order for Preliminary Injunction (Docket No. 17).

12.

13. .

14. Good cause exists for entry of a permanent injunction vindicating Plaintiffs' interests in their marks.

**IT IS HEREBY ORDERED THAT:**

1. Judgment is hereby entered in favor of UC and against Wells on Count II of the First Amended Complaint. Within 30 days of service on Wells of this Order, Wells shall pay to Plaintiffs compensatory damages in the amount of $1,858,702.58.

2. Judgment is hereby entered in favor of USK and KNA and against Wells on Counts V-IX of the First Amended Complaint.

3. Within 30 days of service on Wells of this Order, Wells shall make to Plaintiffs, with a copy to this Court, an accounting of gross profits earned by Wells since October, 2008, such that appropriate statutory damages under the Lanham Act may be determined.

4.

5. The Court's prior Preliminary Injunction Order is hereby made permanent, and Wells, along with its officers, agents, servants, employees, attorneys and any other persons who are in active concert or participation with Wells, its officers, agents, servants, employees or attorneys, are hereby permanently enjoined and prohibited from engaging in any of the following activities:

  A. Selling or distributing any expired Knorr® or Lipton® brand products in their possession, custody or control;

  B. Tampering with packaging or labeling of any Knorr® or Lipton® brand products in their possession, custody or control;

  C. Using any of the LIPTON Marks or the KNORR Marks for any commercial purpose, including but not limited to advertisements or promotion of Wells' services or products;

5

D. Making any use of the LIPTON Marks or the KNORR Marks, or any copy, reproduction, colorable imitation, simulation of same, that is likely to confuse consumers or dilute the LIPTON Marks or the KNORR Marks;

E. Publishing any material or allowing to be published any material which represents Wells as a distributor of Unilever's products or falsely states or implies any affiliation or connection of any kind between or among Wells or any of the Plaintiffs;

F. Passing off, palming off, or assisting in passing off or palming off, Defendant's products or services as those of Plaintiffs; or otherwise continuing any acts of infringement, unfair competition, dilution or deceptive trade practices against Plaintiffs; and

G. Challenging the use, registration or validity of Plaintiffs' LIPTON Marks and/or KNORR Marks.

6. Pursuant to 15 U.S.C. § 1118, within 30 days of service on Wells of this Order, Wells shall deliver up for destruction all products in its inventory bearing the LIPTON Marks or the KNORR Marks, as well as all labels, signs, prints, packages, wrappers, receptacles or advertising, promotional material or the like in its possession, custody or control that displays or otherwise uses any of the LIPTON Marks or the KNORR Marks, or any reproduction, counterfeit, copy or colorable imitation thereof.

7. Pursuant to 15 U.S.C. § 1115(a), Wells shall file with the Court within 45 days of service on Wells of this Order a sworn affidavit or declaration setting forth in detail the manner and form in which Defendants have complied with this Order.

Date: _Nov. 10, 2010_	_____
	Judge Harry D. Leinenweber